UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM J. LUMPKIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:02-cr-32 |
| | ) | (2:12-cv-349) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Now pending is a motion to vacate or correct sentence under 28 U.S.C. § 2255, asking that the sentence of William Lumpkin ("Petitioner") be reduced for either of two reasons: under the Fair Sentencing Act, or by virtue of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [Doc. 509]

What is odd about the motion is that it was filed by Petitioner's then-attorney, Nikki Pierce of Federal Defender Services, who recited in the motion itself that she could not ethically seek a reduction of Petitioner's sentence under either the Fair Sentencing Act or *Simmons*. She subsequently withdrew from the case and Petitioner is now *pro se*.

The Court understands why counsel filed a formal motion on Petitioner's behalf in view of the letter petitioner wrote the Court on November 7, 2011[1] in which he asks if perhaps he was entitled to a reduction in his sentence based on the Fair Sentencing Act. In his letter, however, Petitioner never mentioned *Simmons*; *Simmons* was raised only by counsel in the formal motion

---

[1] Doc. 509-1

she ultimately filed and, as already noted, she did not believe that she, as an officer of the Court, could pursue a *Simmons* argument. Regardless, it is now raised, and the Court will deal with it.[2]

**FAIR SENTENCING ACT**

This need not be addressed on the merits. Petitioner was released from custody in September, 2013.[3] The issue is **MOOT**.

*SIMMONS* **ISSUE**

This issue also is **MOOT** in light of Petitioner's release from custody. But it bears noting that *Simmons* was precipitated by the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). Moreover, *Carachuri-Rosendo* was anticipated by the Sixth Circuit in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). Even if it be assumed that both *Carachuri-Rosendo* and *Pruitt* have retroactive application, petitioner's motion was not filed until August 16, 2012, two years after *Carachuri-Rosendo*, and four years after *Pruitt*. As a result, petitioner's motion is barred by 28 USC §2255(f)(1).

Lastly, and more importantly, *Carachuri-Rosendo* only describes when an underlying state conviction constitutes an aggravated felony for federal sentence enhancement purposes. Petitioner herein was subject to a mandatory term of life imprisonment because he committed the offense for which he was convicted in this court after having at least two prior felony drug offenses.[4] Petitioner had three prior convictions in North Carolina for which he was sentenced to more than one year of imprisonment on each. *Carachuri-Rosendo* has no application to statutory minimum mandatory sentences.

---

[2] The Court in no way criticizes counsel; the nature of criminal litigation, and the omnipresent possibility of clients' complaints of substandard representation, justified or not, often compels an attorney to err on the side of caution.
[3] Government's response, [Doc. 544], p. 2
[4] 28 U.S.C. § 841(b)(1)(A)

For each of the reasons discussed in this memorandum, Petitioner's motion is not well-taken and therefore should be **DENIED**. Additionally, a certificate of appealability should issue only if the Petitioner has demonstrated a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2255(c)(2). Having considered Petitioner's claim under the standard of *Slack v. Daniel*, 529 U.S. 473 (2000), the Court **FINDS** that reasonable jurists that could not find that the denial of his motion was debatable or wrong. Therefore, a certificate of appealability is also **DENIED**. A judgment in accordance with this Memorandum and Order will be filed.

SO ORDERED:

s/ Leon Jordan<br>United States District Judge